T.C. Summary Opinion 2020-9

UNITED STATES TAX COURT

CLAUDIA YANIRA MAGANA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1860-18S.                    Filed February 10, 2020.

Claudia Yanira Magana, pro se.

<u>Daniel G. Kempland</u>, <u>Melissa D. Lang</u>, and <u>Gregory Michael Hahn</u>, for
respondent.

SUMMARY OPINION

GOEKE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in income tax for 2014, 2015, and 2016 of $8,725, $7,085, and $5,890, respectively, and an accuracy-related penalty under section 6662(a) for each year. Respondent has conceded the accuracy-related penalties. He has also conceded that petitioner is entitled to claim two of her three children as qualifying child dependents for purposes of personal exemptions, the child tax credit, and the earned income credit for 2014, 2015, and 2016.

The remaining issues are whether petitioner is entitled to head of household filing status for 2015 and 2016 and a $1,000 education credit for 2014. We find that she properly filed as head of household for 2015 and 2016. However, she has not established that she is entitled to the education credit for 2014.

Background

Petitioner was a medical assistant during 2014, 2015, and 2016. She lived with her three children and their father. She was not married to her children's father during the years at issue. She paid most of the household expenses for each year at issue but filed as head of household for only 2015 and 2016. She filed as

_____

[1](...continued)
Revenue Code as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

single for 2014.  One of petitioner's children is disabled.  The children's father did not claim the three children as his dependents for the years at issue, and he did not file as head of household for 2015 and 2016.  He struggled with medical debts and other personal expenses, and petitioner had a greater adjusted gross income during the years at issue.  There was no written support agreement regarding the children.

Petitioner was a student in 2013 and paid tuition in that year, but there is no evidence that she paid tuition in 2014.

## Discussion

Pursuant to section 2(b), an individual is considered a head of household and thereby entitled to the section 63(c) standard deduction for this filing status if she meets certain conditions.  These conditions are, in relevant part:

a.  she was not married at the close of the taxable year;

b.  she was not a surviving spouse as defined in section 2(a);

c.  she maintained as her home a household whose membership included, for more than one-half of the taxable year, a qualifying child of the individual as defined in section 152(c); and

d.  She furnished over half of the cost of maintaining the household during the taxable year.

On the basis of our factual findings petitioner is entitled to head of household filing status for 2015 and 2016.  Respondent's argument that petitioner

has not met the burden of proof under Rule 142(a) as to her filing status is incorrect.

Regarding the education credit under section 25A(a) at issue for 2014, petitioner must establish the payment of tuition in 2014 to qualify for the credit. Unfortunately, the records she submitted do not establish that payment. Accordingly, she is not entitled to the education credit for 2014.

To reflect the foregoing,

Decision will be entered under

Rule 155.